JOHNSON, Chief Judge.
This is an appeal from a final judgment of dismissal of a complaint with prejudice, arising from the Circuit Court of Duval County, Florida.
The appellant had obtained a judgment in 1962 against one of the defendants, Henry L. Robson, in an amount slightly in excess of $9,000.00. Execution on said judgment was had and docketed with the Sheriff of Duval County, in 1962.
In September 1965, Henry L. Robson was the owner of an interest in a certain parcel of land located in Duval County and described as Lots 1 through 6 inclusive together with the southerly 60.65 feet of Lots 8 and 9, Hargroves Replat etc. being more particularly described in the complaint. On September 30, 1965 the said Henry L. Robson joined by his wife, conveyed his interest in said lands to San Juan Partnership, Ltd.
There were subsequent agreements between Robson and Fred Conrad as construction operators and the Limited Partnership. Also buildings were constructed on the lands above described. Robson and Conrad, inter alia, were to be paid certain fees for their construction work. Something went wrong financially and some time in 1967 the Limited Partners, or one of them took over the management, added new money, etc. In October 1967, the limited partners and the general partners made a settlement agreement in which it was agreed that Robson and Conrad owed the Limited Partners in excess of $100,000.00.
In January 1968 the appellant caused the Sheriff to levy upon the interest of Robson in the Limited Partnership to satisfy appellant’s judgment. At the sale, appellant purchased said interest of Robson in the Limited Partnership. Thereafter, this suit was instituted for an accounting against *246 the Limited Partnership to ascertain the equity of Robson, or the appellant under its Sheriff's Bill of Sale of Robson’s interest. Robson and Conrad, in the final close out of the Limited Partnership conveyed all their interest in the Limited Partnership to the Limited Partners.
There were a large number of requests for admissions which were granted and properly answered. The trial court then entered its final judgment finding the Limited Partnership had previously been dissolved and the plaintiff having shown no fraud or misrepresentation, that the plaintiff (appellant here) had no standing to demand a further accounting of said partnership and thereupon dismissed the complaint with prejudice.
We have carefully reviewed the record and briefs as well as heard oral argument of counsel, and we are compelled to agree with the trial court. It does not appear to us that the appellant does at this late date have any right in equity or law to accounting from the Limited Partnership.
The appellant has alleged in its complaint that its judgment constituted a lien against the interest of Robson in certain property described in the complaint which was, subsequent to the attaching of appellant’s lien, conveyed to the Limited Partnership. This conveyance was therefore made subject to the lien of appellant’s judgment and subject to the rights of a judgment creditor which rights have not been extinguished by the final judgment denying relief by way of an accounting.
Therefore the judgment appealed from is affirmed, without prejudice, however, to the appellant prosecuting further appropriate action to enforce the lien of its judgment.
RAWLS and SPECTOR, JJ., concur.